**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| INELCONT CORP., | CASE NO. 10-11989 EAG |
| DEBTOR. | CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS as Trustee for the Estate of INELCONT CORP., | |
| PLAINTIFF, | |
| v. | ADV. PROCEEDING NO. 13-00026 |
| DEPARTMENT OF AGRICULTURE and ADMINISTRACIÓN PARA EL DESARROLLO DE EMPRESAS AGROPECUARIAS, | |
| DEFENDANTS. | FILED & ENTERED ON 08/06/2014 |

**OPINION AND ORDER**

Inelcont Corp. was a general construction company.  In 2008, the Puerto Rico Rural Development Corporation ("RDC") hired it to do work on a basketball court in Isabela, Puerto Rico.  The work was done, but not paid for.  In 2010, Inelcont went broke.  The chapter 7 trustee started this adversary proceeding to collect monies owed to Inelcont from the RDC.

But, in 2010, the Legislature of Puerto Rico scrapped the RDC and transferred most of its functions to a new entity: the Agricultural Enterprises Development Administration (the "AEDA").  Under the 2010 law, the AEDA is a component of the Puerto Rico Department of Agriculture ("Agriculture").  Once the trustee became aware of the 2010 change in the law, she amended the complaint to substitute as defendants the AEDA and Agriculture in place of the

RDC. Agriculture filed a Rule 12(b)(6) motion to dismiss the amended complaint against it. [Adv. Dkt. No. 46.] The trustee opposed the motion. [Adv. Dkt. No. 50.]

The central premise of the motion to dismiss is that the AEDA is independent from Agriculture and, thus, solely liable for the debts of the now extinct RDC. For the motion to succeed, AEDA would have to be a public corporation, as opposed to a governmental agency or instrumentality. The factors that a court would have to weigh to make that distinction are found in the case law of the Supreme Court of Puerto Rico. See Cirino v. Admin. de Correción, 2014 PRSC 2; Reyes v. Estado Libre Asociado de P.R., 150 P.R. Dec. 599 (2000); Ghigliotti v. Admin. de Serv. Agric., 149 P.R. Dec. 902 (1999); Huertas v. Co. de Fomento Recreativo, 147 P.R. Dec. 12 (1998); Pagán v. Estado Libre Asociado de P.R., 150 P.R. Dec. 599 (1992); Canchani v. Corp. de Renovación de Parques y Vivienda, 105 P.R. Dec. 352 (1976). The motion to dismiss neither cites this controlling authority, nor gives the pertinent factors, nor relates the pertinent factors to the relevant facts of this contested matter. As such, it does not comply with Local Bankruptcy Rule 9013-2(a) and is denied on that basis alone.

SO ORDERED.

In Ponce, Puerto Rico, this 6th day of August, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge

2